UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARDIUS MILLER DOUGLASS, | ) | CASE NO. ED CV 14-1390-RGK (PJW) |
| Plaintiff, | ) | [~~PROPOSED~~] ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | ) | |
| P. RAMER, et al., | ) | |
| Defendants. | ) | |

In July 2014, Plaintiff Bardius Miller Douglass proceeding *pro se*, filed this civil rights action against various prison officials alleging, among other things, that a nurse forcibly injected him with antipsychotic medication and that prison staff took away his legal documents while he was housed at the West Valley Detention Center. The Court dismissed Plaintiff's Complaint and First Amended Complaint. (Doc. Nos. 7, 13.) Plaintiff filed a Second Amended Complaint, which the Court screened and ordered served on certain Defendants. (Doc. Nos. 18, 21-22.) Defendants filed an Answer to Plaintiff's Second Amended Complaint on September 22, 2015. (Doc. No. 24.) Thereafter, Plaintiff requested counsel. The Court endeavored to find *pro bono* counsel for Plaintiff, more than once, but, after meeting him, counsel

informed the Court that they were unable to represent him in this action.

On January 5, 2017, a notice to parties of the Court's change of address was sent to Plaintiff at his address of record. (Doc. No. 47.) On January 18, 2017, the notice to parties mailed to Plaintiff was returned to the Court with a notation on the envelope "Out of Custody." (Doc. No. 48.) The Court contacted the West Valley Detention Center in an attempt to determine Plaintiff's new address and was informed that Plaintiff was released and transferred to the Orange County Sheriff's Department on November 3, 2016. The Court then contacted the Orange County Sheriff's Department and was informed that Plaintiff was released from their custody for time served on November 8, 2016.

On February 15, 2017, the Court issued an order to show cause ordering Plaintiff to update the Court with his current address. (Doc. No. 49.) Plaintiff was warned that, if he did not respond to this Order within the time allowed, his case would be dismissed under Rule 41(b). That order has now been returned to the Court because Plaintiff is no longer at this address and has been released from custody. (Doc. No. 50.)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to *sua sponte* dismiss an action for failure to comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). In determining whether dismissal is warranted, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation,

(2) the Court's need to manage its docket, (3) the risk of prejudice to Defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010).

The Court finds that the delay here necessarily implicates both the interest in expeditious resolution of litigation and the Court's need to efficiently manage its docket--the first and second factors-- and weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (finding factors of public interest in expeditious resolution of case and court's need to manage its docket weigh in favor of dismissal where litigant failed to pursue the case for almost four months). Plaintiff's failure to keep the Court apprised of his address has caused this action to come to a halt, impermissibly allowing Plaintiff to control the pace of the docket rather than the Court. *See Yourish*, 191 F.3d at 990; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").[1]

The third factor--risk of prejudice to Defendants--also weighs in favor of dismissal. As time goes by, the witnesses' memories begin to fade and the evidence becomes stale, making it increasingly difficult to defend themselves against these charges. *See In re Phenylpropa-*

---

[1] The Court notes that Local Rule 41-6 provides that, if a party proceeding *pro se* fails to keep the Court apprised of his current address, "the Court may dismiss the action with or without prejudice for want of prosecution."

3

*nolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").

The fourth factor--the general policy favoring resolution of cases on the merits--weighs in Plaintiff's favor. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits."). But that factor alone is not sufficient to overcome the other four.

Finally, the fifth factor--availability of less drastic alternatives--also weighs in favor of dismissal. The Court is unable to impose a lesser sanction, e.g., monetary sanctions, because Plaintiff is proceeding IFP (and, therefore, does not have any money to pay sanctions) and because he cannot be found.

Considering all five factors, the Court concludes that dismissal for failure to prosecute is warranted. *See Ferdik*, 963 F.2d at 1263 (concluding dismissal appropriate where supported by three factors); *Pagtalunan*, 293 F.3d at 643 (same).

IT IS SO ORDERED.

DATED: March 29, 2017

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE


Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\ED14CV1390- Ord_dismiss.failure.prosecute.wpd